IN THE UNITED STATES DISTRICT COURT
FOR THE EASTER DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| JANE J. JONES )<br>)<br>    Plaintiff, )<br>v. )<br>)<br>LOIZOU, INC. )<br>)<br>d/b/a A&G AUTO SALES )<br>)<br>    Defendant. )<br>) | CIVIL ACTION NO:<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Jane J. Jones ("Jones" or "Plaintiff"), by counsel, for her Complaint against Defendant Loizou, Inc. d/b/a A&G Auto Sales ("A&G" or "Defendant"), alleges as follows:

## THE PARTIES

1. Plaintiff Jones is a natural person, and at all times relevant hereto was, a citizen of the Commonwealth of Virginia, residing in the city of Virginia Beach, Virginia.

2. Defendant A&G is an Virginia corporation, with its principal place of business located in Virginia Beach, Virginia.

3. At all relevant times, A&G has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

4. At all relevant times, Defendant A&G has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

5. At all relevant times, A&G has continuously had at least 15 employees.

## JURISDICTION AND VENUE

6.      This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §§ 1331.  Venue properly lies in this Court because the controversy involves Defendant's behavior at Plaintiff's place of employment, in the Eastern District of Virginia.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.      Prior to instituting this suit, Jones timely filed an administrative claim with the Norfolk Office of the Equal Employment Opportunity Commission (EEOC) on September 21, 2020.  A true and correct copy of the Charge of Discrimination is attached to this complaint and incorporated by reference as Exhibit "A."  Plaintiff's Charge of Discrimination specifically claims "disability" based discrimination in violation of Title VII of the Civil Rights Act of 1964.

8.      The EEOC failed to resolve the claim and issued a right-to-sue letter dated October 17, 2021.  A true and correct copy of the right-to-sue letter is attached to this complaint and incorporated by reference as Exhibit "B."  Plaintiff has filed her complaint within 90 days from the date she received her notice authorizing the right to bring this action.

## STATEMENT OF FACTS

9.      Plaintiff's, ten-year-old son, Vernon Long, Jr. ("Long"), is and at all relevant times was, a qualified individual with a disability within the meaning of the ADA.  Long has severe ashma and a long history of upper respiratory illness.

10.     Jones began employment on August 16, 2019 as an Associate in Defendant's Finance Department.

11.     At all relevant times, A&G was a private entity in commerce or an industry or activity affecting commerce and employed fewer than 500 employees within the United States of America, and in all respects was an Employer within the meaning of 29 C.F.R. §

826.10(a)(i)(A)(1) and the FFCRA and therefore subject to the FFCRA and its requirement that Jones receive Paid Sick Leave as that term is defined in 29 C.F.R. § 826.10(a).

12. A&G was also an "employer" within the meaning of 29 U.S.C. § 203(d) and the FLSA..

13. At all relevant times, A&G was an "Enterprise" within the meaning of 29 U.C.S. § 203(r) and an "enterprise engaged in commerce or in the production of goods for commerce "within the meaning of 29 U.S.C. § 203(s), and the annual gross sales volume of A&G exceeded $500,000 per year.  At all relevant times, the work performed by Jones was directly essential to the business performed by A&G.

14.  At all relevant times, Jones was an Employee as that term is defined in 29 C.F.R. § 826.10(a) and 29 U.S.C. § 203(e) and was entitled to all benefits and protections afforded by the FFCRA as outline in 29 C.F.R. §§ 826 *et seq.*

15. Until April 2020, Plaintiff was performing her job duties to the satisfaction of Defendant.

16. On or about April 7, 2020, Plaintiff asked Ellen Drake ("Drake"), Defendant's Human Resources Manager, if she could work from home for the near future.  Plaintiff further explained that she felt safer working from home given the Covid-19 pandemic.  Plaintiff further inquired into whether she was eligible for paid leave due to the Covid-19 pandemic.

17. After consultation with Defendant's management, Drake informed Jones that they would place her on a "furlough" until mid-May 2020.  Plaintiff accepted this offer of a furlough.

18. On or around May 19, 2020, Plaintiff requested to work from home for the near future.

19. Drake agreed to let Plaintiff work from home.

20. Beginning on or around May 19, 2020, Plaintiff worked from home, maintaining all of her assigned "in-office" responsibilities – namely, calling Defendant's existing clients and

reminding them of upcoming payments and the need to maintain insurance on their financed vehicles.

21. Suddenly, in or about June 10, 2020, Drake told Jones that she had to return to work or face termination. Jones specifically informed Drake that her son had a disability and she felt continuing to work from home would address her concerns relating to her son being extra-susceptible to catching Covid-19.

22. Defendant then fired Jones.

## COUNT I
### WRONGFUL TERMINATION BY REASON OF ASSOCIATION WITH A DISABLED PERSON -- DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 12101 et seq.

23. Plaintiff repeats and realleges each and every Paragraph of this Complaint as thought fully set forth herein.

24. The ADA prohibits an employer from discriminating against an employee "because of the known disability of an individual with whom [the employee] is known to have a relationship or association." 42 U.S.C. § 12112(b)(4).

25. Here, Defendant knew of Plaintiff's son's disability.

26. Upon learning of Plaintiff's son's disability, Defendant altered the conditions of Jones' employment and created an abusive working environment by denying her the opportunity to work from home and firing her.

27. Plaintiff was qualified for the position she held and was able to perform its essential functions.

28. Defendant terminated Plaintiff's employment without justification.

29. Defendant terminated Plaintiff because of her association with an individual with a disability in violation of the ADA.

30. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee.

31. The unlawful employment practices complained of above were intentional and done with malice or with reckless indifference to the federally protected rights of Plaintiff.

32. As a direct and proximate result of Defendants' violations of the ADA, Plaintiff has suffered damages, including but not limited to loss of past and future income and fringe benefits, loss of professional reputation, mental anxiety and emotional distress.

33. Plaintiff is entitled to recover her reasonable attorney fees, costs and expert witness expenses pursuant to the ADA.

## COUNT II
### FFCRA Retaliation

33. Plaintiff repeats and realleges each and every Paragraph of this Complaint as though set forth herein.

34. Jones was entitled to take up to eighty (80) hours of Paid Sick Leave after making a leave request to Defendant.

35. Because Jones was eligible for protections afforded by the FFCRA, A&G was prohibited by 29 C.F.R. §§ 826.150 and other statutory and regulatory provisions from "discharging, disciplining, or discriminating against" her as a result of her request for Paid Sick Leave.

36. A&G willfully and in bad faith violated the FFCRA and regulations promulgated by the Department of Labor pursuant to the FFCRA and EPSLA, including but not limited to 29 C.F.R. § 826.150, and other federal law by willfully retaliating against him for requesting Paid Sick Leave and terminating him in response to his attempt to exercise that right.

37.     As a direct and proximate result of A&G's willful violations of the FFCRA and associated regulations, Jones has sustained lost wages, fringe benefits and other forms of compensation; lost career opportunities; and other pecuniary and nonpecuniary damages, injuries and losses.

## COUNT III
## FLSA Retaliation

38.     Plaintiff repeats and realleges each and every Paragraph of this Complaint as though set forth herein.

39.     By pursuing her rights under the FFCRA, Jones engaged in protected activity under the FLSA and other applicable law.

40.     By terminating Jones' employment, A&G retaliated against Jones for engaging in protected activity under the FLSA and other applicable law.

41.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA.

42.     As a direct and proximate result of A&G's violations of the FLSA and associated regulations, Jones has sustained lost wages, fringe benefits and other forms of compensation; lost career opportunities; and other pecuniary and nonpecuniary damages, injuries and losses

### JURY DEMAND

Plaintiff demands a jury trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jane J. Jones, prays for entry of judgment in favor of Plaintiff and against Defendant Loizou, Inc. d/b/a A&G Auto Sales in the form of the following relief:

    a.     Actual Damages;

    b.     Liquidated Damages

    e.     Punitive Damages;

    f.      Attorneys' fees and court costs associated with this suit; and

    g.      Other such relief as may be appropriate to effectuate the purpose of justice.

Date: January 14, 2022                      Respectfully submitted,

                                            JANE J. JONES

                                            _/s/_ Todd M. Gaynor
                                            Todd M. Gaynor, Esquire
                                            Virginia Bar No.: 47742
                                            GAYNOR LAW CENTER, P.C.
                                            440 Monticello Avenue, Suite 1800
                                            Norfolk, Virginia 23510
                                            PH: (757) 828-3739
                                            FX: (75) 257-3674
                                            EM: tgaynor@gaynorlawcenter.com